L. D. SIMS, Appellant, v. CITY OF DES MOINES,
A. J. MATHIS, Mayor, ET AL.

**Municipal corporations:** COMMISSION FORM OF GOVERNMENT: PUBLIC IMPROVEMENTS: ADVERTISING FOR BIDS. A city operating under the

statutes providing a commission form of government has power to make a public improvement, the cost of which exceeds the sum of two hundred dollars, without first advertising for bids, as the board of public works in cities not operating under the commission plan are required to do.

*Appeal from Polk District Court.*—Hon. William H. McHenry, Judge.

Monday, March 14, 1910.

The opinion states the case.—*Affirmed.*

*M. H. Cohen* and *R. B. Alberson,* for appellant.

*H. H. Stipp* and *W. C. Strock,* for appellees.

Sherwin, J.—The plaintiff, a citizen and resident taxpayer of the city of Des Moines, brought this action to enjoin said city from reflooring one of its bridges at an estimated cost of over $200 by day labor without advertising for bids, as provided by section 867 of the Code. A demurrer to the petition was sustained, and, the plaintiff having elected to stand on his petition, judgment was rendered denying the relief prayed. The plaintiff appeals.

The facts, as stated in the briefs of counsel, are as follows: In 1888 the city of Des Moines had a population of over thirty thousand, and the city council at that time appointed a board of public works in conformity to the mandatory requirements of Acts 22d General Assembly, chapter 1. In 1892 the Twenty-Fourth General Assembly (chapter 3) modified the law so that a board of public works was permissive instead of mandatory, and thus the law remained until 1907, when the Thirty-Second General Assembly (chapter 26) provided that: "In any city having a population of thirty thousand or more, the council may by ordinance establish a board of public works, and in

cities having a population of fifty thousand or more, there is hereby created a board of public works." The city of Des Moines retained its board of public works from 1888 until its organization under what is familiarly called the "Des Moines plan" in April, 1908. Chapter 26 of the Acts of the Thirty-Second General Assembly became effective March 30, 1907, and from that time until its reorganization in April, 1908, the law required a board of public works in the city of Des Moines. And such board could not have expended over $200 for a new floor on the bridge in question without advertising for bids and making a contract therefor as required by section 867 of the Code.

The concrete question for our determination is whether the city, which is now, and was at the time the work in question was ordered, operating under chapter 48 of the Acts of the Thirty-Second General Assembly, as amended by chapter 64 of the Acts of the Thirty-Third General Assembly relating to the commission form of government, can make a public improvement where the cost exceeds the sum of $200 without first advertising for bids as required by section 867.

Cities operating under the commission plan are not required or permitted to have a board of public works. But the appellant's contention is that section 867 applies to a city council because under the law it is given the power and required to perform the duties that formerly rested with the board of public works. Section 1056a25 of the Supplement to the Code, as amended by section 7 of chapter 64 of the Acts of the Thirty-Third General Assembly, defines the powers and duties of the council in the language following, so far as the same is material here:

The council shall have and possess, and the council and its members shall exercise all executive, legislative

and judicial powers and duties now had, possessed and exercised by the mayor, city council, solicitor, assessor, treasurer, auditor, city engineer and other executive and administrative officers in cities of the first and second class, and in cities under special charter, and shall also possess and exercise all executive, legislative and judicial powers and duties now had and exercised by the board of public works, park commissioners, the board of police and fire commissioners, board of water works trustees, and board of library trustees in all cities wherein a board of public works, park commissioners, board of police and fire commissioners, board of water works trustees and board of library trustees now exist or may be hereafter created.

As amended, section 1056a25 provides that the council shall have and exercise all executive and other powers and duties, now "had, possessed and exercised" by the city council and other executive and administrative officers in cities of the first and second class, and in cities under special charters, "and shall also possess and exercise all executive, legislative and judicial powers and duties now had and exercised by the board of public works, . . . in all cities wherein a board of public works, . . . now exists or may be hereafter created." The council under the commission plan is thus given all of the power that is possessed by the council in all cities of over seven thousand operating under the old plan of city government and by the council of all cities operating under special charter. But this grant was not broad enough to cover the entire matter and to give to the council of a city operating under the commission plan the power it was intended to give, for the reason that some cities were permitted to and had established boards of commissions for the several purposes authorized by law, and the Legislature itself had created a board of public works in all cities of fifty thousand or more population. Where created, the board of public works was given power entirely independent of the council, and hence it was necessary to transfer such power to the

council of a city operating under the commission plan by specific enactment, and that was what was done in section 7 of chapter 64, Acts 33d General Assembly. But upon the transfer of these powers the council of the defendant city was possessed of all the powers that the council of any city is possessed of, and is not, in our judgment, restricted or limited in the exercise of such power by the provisions of section 867.

The board of public works in Des Moines was created by the statute and not by the city acting through its council. Its powers and duties were entirely separate and distinct from the powers and duties of the council. By the very terms of the act under which the city is now organized and operating, its board of public works was abolished, and the limitations which were placed on its acts should not be held to be limitations also upon the acts of the defendant's council unless such was the clear intent of the Legislature.

The provision of section 1056a19, that "all laws governing cities of the first class not inconsistent with the provisions of this act  .  .  .  shall apply to and govern cities organized under this act," can not be so construed as to help the appellant's contention because of the inconsistency already pointed out. If it had declared that the law governing boards of public works should apply there would be more force in the appellant's position.

It is said also, that, as the duties of the board of public works were transferred to the council, it is bound to perform such duties in the manner pointed out in section 867. There is a wide difference between the duties one should perform and the manner of performance. The duties of a board of public works are defined by the statute entirely independent of the manner of performance required by section 867 as to one of such duties.

We are of the opinion that the demurrer was rightly sustained, and the judgment is *affirmed*.